UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-598-FDW

| | |
|---|---|
| CLEVELAND LEWIS WILLIAMS, )<br> )<br>   Petitioner, )<br> )<br>vs. )<br> )<br>STATE OF NORTH CAROLINA, et al, )<br> )<br>   Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner's pro se Rule 60(b)(6) Motion to vacate the Court's August 21, 2015 Judgment in order to reopen the time period to allow an appeal of the denial of his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 25.) Also before the Court is Petitioner's "Motion for Release on Bail Pending the Resolution of His Substantial Constitutional Claims for Federal Habeas Corpus Relief Under 28 U.S.C. § 2254 to Vacate or Set-Aside the Conviction." (Doc. No. 26.)

  **I. BACKGROUND**

On October 28, 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. No. 1.) He also filed a Motion for Evidentiary Hearing. (Doc. No. 4.)

After conducting an initial review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court ordered Respondent to file a response to the Petition. (Doc. No. 5.) Respondent filed a Response and a Motion for Summary Judgment. (Doc. Nos. 6,7.)

On December 8, 2014, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1

1975), the Court notified Petitioner of his right to respond to the Motion for Summary Judgment. (Doc. No. 9.) In that same Order, the Court denied Petitioner's Motion for Evidentiary Hearing *without prejudice*. (Doc. No. 9.)[1]

On January 5, 2015, Petitioner filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e), seeking reconsideration of the Court's denial of his Motion for Evidentiary Hearing. (Doc. No. 10.) Subsequently, he filed a cross-Motion for Summary Judgment. (Doc. No. 17.)

On August 21, 2015, the Court entered an Order granting Respondent's Motion for Summary Judgment, denying and dismissing Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, denying Petitioner's Motion to Alter or Amend Judgment pursuant to Rule 59(e), and denying Petitioner's Motion for Summary Judgment. (Doc. No. 18.) Judgment was entered, and Petitioner was mailed a copy, the same day. (Doc. No. 19.)

Petitioner filed a notice of appeal on October 5, 2015. (Doc. No. 20.) On August 1, 2016, the Fourth Circuit Court of Appeals issued an unpublished opinion dismissing the appeal because it was not timely filed. (Doc. No. 23.) Petitioner filed the instant Motions in this Court on April 28, 2017, seeking to reopen the time to file an appeal. (Doc. Nos. 25, 26.)

II.     DISCUSSION

Ordinarily, a notice of appeal must be filed with the federal district clerk within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). Judgment was

---

[1] Throughout his Rule 60(b) Motion, Petitioner displays misunderstanding about the procedural history in this action. He repeatedly, and mistakenly, refers to the Court's December 8, 2014 Roseboro Order (Doc. No. 9) as the order denying his 28 U.S.C. § 2254. See e.g. Pet'r's Rule 60(b) Motion 4, Doc. No. 25 ("On December 8, 2014, without holding an evidentiary hearing, the Court granted the State of North Carolina's motion for summary judgment; summarily denied the Petitioner's federal habeas corpus petition under 28 U.S.C. § 2254, and summarily denied the Petitioner's motion for summary judgment without prejudice.") He also incorrectly states throughout his Motion that his Rule 59(e) Motion to Alter or Amend Judgment sought reconsideration of the Court's denial of his § 2254 Petition and vacation of the Court's December 8, 2014 "judgment."

2

entered in this action on August 21, 2015. Thus, Petitioner had until September 21, 2015, to file a timely notice of appeal. See id. Petitioner asserts, however, that he did not receive notice of the Court's August 21, 2015 Judgment until October 2, 2015, after the time to appeal had already expired.[2] (Rule 60(b) Motion 5, 9, Doc. No. 25.)

Under Rule 4(a)(6), a district court may reopen the appeal period for fourteen days if it finds that: (1) a party entitled to notice of entry of judgment did not receive notice within twenty-one days after judgment, (2) the party moved to reopen the appeal period either within 180 days of judgment or within fourteen days of receiving notice of the judgment, and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6). Petitioner did not move to reopen the appeal period within 180 days of judgment or within fourteen days of receiving notice of the judgment.

Petitioner, therefore, has turned to Rule 60(b)(6) of the Federal Rules of Civil Procedure, arguing that he is entitled to equitable relief from operation of the Court's August 21, 2015 Judgment because he did not receive notice of the Judgment until after the time to appeal had expired. (Rule 60(b) Motion 9.) He asks the Court to vacate its August 21, 2015 judgment and enter a new judgment, so that he may file a timely appeal.

Rule 60(b) enumerates specific circumstances in which a party may be relieved of the effect of a judgment, such as mistake, newly discovered evidence, and fraud. Fed. R. Civ. P. 60(b)(1)-(3). The Rule concludes with a catchall category—subdivision (b)(6)—providing that a court may lift a judgment for "any other reason that justifies relief." Id. at Rule 60(b)(6).

---

[2] In his Motion, Petitioner states that his wife visited the Clerk of Court's Office in early October 2015 to inquire about the status of his case. According to Petitioner, his wife was told that judgment had been entered on August 21, 2015, and that copies of the Judgment and Order had been mailed to Petitioner the same day. (Rule 60(b) Motion 5, 9, Doc. No. 25.) On October 2, 2015, Petitioner filed a grievance with the North Carolina Department of Public Safety complaining that he had not received the documents sent by the Court in August 2015. (Grievance, Pet'r's Ex. 1, Doc. No. 25 at 21.)

3

"Relief is available under subdivision (b)(6), however, only in 'extraordinary circumstances,' and the [Supreme] Court has explained that '[s]uch circumstances will rarely occur in the habeas context.'" Buck v. Davis, 137 S. Ct. 759, 772 (2017) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)).

Petitioner cannot succeed on his Rule 60(b)(6) Motion for two reasons. First, the Motion is untimely. A motion under Rule 60(b)(6) must be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and the movant bears the burden of showing timeliness, Werner v. Carbo, 731 F.2d 204, 206–07 & n. 1 (4th Cir. 1984). Petitioner has known since October 2, 2015, at the earliest, and August 1, 2016, at the latest, that his appeal was untimely. Yet, he did not move for "equitable relief" under Rule 60(b)(6) until April 28, 2017, a delay he makes no effort to explain. See McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (finding Rule 60(b) motion untimely when delay in filing was three to four months); Wittenberg v. First Indep. Mortgage Co., 599 F. App'x 463, 470–71 (4th Cir. 2013) (unpublished) (holding district court did not abuse its discretion in finding Rule 60(b) motion, filed nine months after summary judgment was entered, untimely).

Second, Petitioner has failed to demonstrate that "extraordinary circumstances" warrant vacating and entering a new judgment so that Petitioner may file a timely appeal. An inmate learning of a judgment after time for filing an appeal of that judgment has expired is not "extraordinary." In fact, Federal Rule of Appellate Procedure 4(a)(6) is in place so that inmates and other civil litigants who receive late notice of a judgment have a procedure by which they still may obtain an appeal. Petitioner could have filed a timely motion under Rule 4(a)(6) to reopen the appeal period, but he did not do so. Notably, he does not explain why he did not take advantage of that provision. "Stated simply, 'extraordinary circumstances' do not arise due to
4

time limitations that otherwise apply, and a plaintiff cannot use Rule 60(b)(6) to evade such time limitations." Aikens v. Ingram, 652 F.3d 496, 503 (4th Cir. 2011) (en banc) (citation omitted). Nor do they arise because a petitioner or plaintiff neglected to use available procedurals that could have provided the relief they now seek.

## III. CONCLUSION

Petitioner's Rule 60(b)(6) Motion to vacate the Court's August 21, 2015 Order denying and dismissing his 28 U.S.C. § 2254 habeas Petition is untimely. Moreover, Petitioner has failed to demonstrate that extraordinary circumstances warrant vacating that Judgment and entering a new judgment so that he may file an appeal. Petitioner's "Motion for Release on Bail Pending the Resolution of His Substantial Constitutional Claims for Federal Habeas Corpus Relief Under 28 U.S.C. § 2254 To Vacate Or Set-Aside The Conviction" shall be denied on the grounds that he does not have a pending § 2254 habeas Petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Rule 60(b)(6) Motion to vacate the Court's August 21, 2015 Judgment in order to reopen the time period to allow an appeal of the denial of his § 2254 habeas Petition (Doc. No. 25) is **DISMISSED** as untimely and **DENIED** on the merits; and

2. Petitioner's "Motion for Release on Bail Pending the Resolution of His Substantial Constitutional Claims for Federal Habeas Corpus Relief Under 28 U.S.C. § 2254 to Vacate or Set-Aside the Conviction" (Doc. No. 26) is **DENIED**.

Signed: May 3, 2017

Frank D. Whitney
Chief United States District Judge